KAREN P. HEWITT
United States Attorney
JOHN B. OWENS (SBN 185580)
Assistant U.S. Attorneys
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 557-5629

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No.  08CR2194-DMS |
|---|---|---|
| Plaintiff, | ) | GOVERNMENT'S OPPOSITION TO DEFENDANT'S REQUEST FOR COURT TO WAIVE PREPARATION OF PRESENTENCE REPORT |
| v. | ) | |
| MARJAN POUSTI, | ) | |
| Defendant. | ) | |

The Government files a brief opposition to defendant Pousti's July 18, 2008 letter requesting that the Court waive the Presentence Report (PSR) in this case.

Defense counsel is correct that the Government has had the opportunity to interview defendant Pousti and that she has been very cooperative throughout. However, it is the Court, and not the Government nor defense counsel, that ultimately must sentence defendant Pousti. The Court's contact with defendant Pousti is limited to the plea agreement and the change of plea hearing on July 17, 2008. Under the plea agreement, the parties agree that, absent any downward adjustments or departures, defendant Pousti's guideline range falls into Zone C, which provides the Court with many sentencing options. Assuming that the Court follows the plea agreement, the Court will have the difficult task of fashioning the appropriate sentence in this case. That is exactly the purpose that a PSR serves -- to assist

the Court in determining, under 18 U.S.C. 3553, what sentence is appropriate, and what conditions of supervised release are necessary, such as whether the defendant should have access to the family business's records, financial instruments, and the like. And if the Court imposes a custodial sentence in this case, the Bureau of Prisons relies upon the PSR to determine the appropriate facility to house an inmate.

The only case that defendant Pousti cites, United States v. Whitworth, 856 F.2d 1268 (9th Cir. 1988), illustrates why a PSR is appropriate here. In Whitworth, a high profile espionage and tax evasion case, the district court oversaw a four-month trial of the defendant. After the four-month trial (and significant pre-trial litigation), the district court explained why a PSR was not necessary:

> It appears to the court that there is literally nothing a presentence investigation could turn up which has not already been well documented, nothing a presentence report could relate which is not presently known. The facts of Mr. Whitworth's life are, at this juncture, almost common knowledge.

Id. at 301-02. That is obviously not the case here, where the Court's contact with defendant Pousti is extremely limited. The Ninth Circuit has reversed district courts for sentencing defendants without a PSR, even in cases where the district court had far more contact with the defendant that this Court has had with defendant Pousti. See, e.g., United States v. Turner, 905 F.2d 300, 302 (9th Cir. 1990) (vacating sentence and distinguishing Whitworth because district court waived the PSR, even though there had been a full trial and the district court reviewed an earlier PSR). See also Rule 32(c)(1)(A)(ii) (requiring the preparation of a PSR unless "the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its finding on the record."). Because the Court has had little contact with the defendant, and there is insufficient information in the record for the Court to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, a PSR should be prepared in the ordinary course. The Government does not oppose an accelerated sentencing date.

-2-

For the foregoing reasons, the Government respectfully requests that the Court deny the defendant's request concerning the PSR.

DATED: July 21, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ John B. Owens

JOHN B. OWENS
Assistant United States Attorney
John.B.Owens@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR2194-DMS |
| Plaintiff, | ) | |
| v. | ) | |
| MARJAN POUSTI | ) | CERTIFICATE OF SERVICE |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, John B. Owens, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the Government's Motions in Limine on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Charles La Bella** (clabella@labellamcnamara.com)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 21, 2008.

          s/ John B. Owens  
          JOHN B. OWENS  
          Assistant United States Attorney  
          John.B.Owens@usdoj.gov